# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID SANFORD, et. al.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:24-cv-03124-MDH** |
| | ) | |
| **JIM MORRIS, et. al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Before the Court is non-party Southern Bank's Motion to Quash Subpoena and Motion for Protective Order. (Doc. 94). Southern Bank filed Suggestions in Support. (Doc. 95). While the time for Plaintiff to respond has not yet expired, the Court will render its decision on this motion given its nature.

On or about October 28, 2025, Southern Bank received a subpoena from Plaintiff seeking a vast list of documents and information on or before November 10, 2025, at 1:07 p.m. The subpoena requests seven categories of items relating to 58 persons and entities. Southern Bank filed its Motion to Quash and Motion for Protective Order on November 10, 2025, arguing that it has not been provided an adequate amount of time to respond to the subpoena pursuant to Federal Rule of Civil Procedure 45; the subpoena seeks confidential and highly sensitive information for many of the various entities; and the subpoena is unduly burdensome and overbroad. Additionally, Southern Bank asks this Court for a protective order regarding the information Plaintiff seeks within the subpoena.

## I.      Motion to Quash Subpoena

1

Federal Rule of Civil Procedure 45 governs Subpoenas. Specifically, Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modification of a subpoena. The rule states:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subject a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). A "'party seeking to quash a subpoena bears the burden to demonstrate that compliance would be unreasonable or oppressive.'" *Cody v. City of St. Louis*, No. 4:17-CV-2707-AGF, 2018 WL 5634010, at *3 (E.D. Mo. Oct. 31, 2018) (quoting *Enviropak Corp. v. Zenfinity Capital, LLC*, No. 4:14-CV-754-ERW, 2014 WL 4715384, at *3 (E.D. Mo. Sept. 22, 2014)). Courts have wide latitude in deciding motions to quash civil non-party subpoenas. *See Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999); *Enterprise Holdings, Inc., v. McKinnon*, 4:14-MC-516-AGF, 2014 WL 5421224, at *1 (E.D. Mo. Oct. 23, 2014).

Here, Southern Bank submitted the affidavit of Tracy Watkins, Market President, Senior Vice-President, and Representative for Southern Bank in this action. (Doc. 95-2). Ms. Watkins affidavit states in relevant part:

> The subpoena seeks documents and information described in seven (7) different categories and related to fifty plus (50 +) persons and entities. Many of the documents and matters requested in the subpoena are highly sensitive and confidential to not only the parties and entities listed in the subpoena but to Southern Bank as well. The subpoena also causes as great burden and expense to Southern Bank given the amount of documents and information requested and also the time of year. Based on the sheer number of documents requested and the deadlines Southern Bank and its employees have related to end of the year business, in order for Southern Bank to gather all the documentation and information requested in the subpoena it would take multiple employees anywhere between 40-80 hours and 6-8 weeks to comply with the request.

(Doc. 95-2, ¶¶ 6-9).

Based upon the briefing and affidavit of Ms. Watkins, the Court finds that 13 days since Southern Bank received the subpoena to the time the documents were to be produced was not reasonable given the number of documents pertaining to fifty plus people and entities being requested. Additionally, the Court finds that due to the confidential and highly sensitive nature of the information being requested, a protective order would be proper before compliance with the subpoena. For the reasons stated, Southern Bank's Motion to Quash Subpoena is **GRANTED**.

II.     **Motion for Protective Order**

Southern Bank next asks the Court for a protective order regarding the information Plaintiff seeks regarding the subpoena. The Court will direct Southern Bank to work with Plaintiff regarding the specifics of the protective order it wishes to have the Court enforce. The parties may submit a proposed protective order for the Court to review. For the reasons stated the Court will defer ruling on this motion until the parties have submitted a proposed protective order or until the parties notify the Court that a protection order is either not necessary or a mutual protective order could not be reached.

### CONCLUSION

The Court hereby **GRANTS** Southern Bank's Motion to Quash Subpoena and will **DEFER RULING** on Southern Bank's Motion for Protective Order. Plaintiff may reissue the subpoena giving Southern Bank a reasonable time to produce the documents requested once a protective order is filed regarding the documents sought after.

**IT IS SO ORDERED.**

Date:  November 24, 2025

　　　　　　　　　*/s/ Douglas Harpool*　　　　　　
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**